IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 16-CR-30001-MJR |
| ) | |
| JOSHUA DEMERY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT JOSHUA DEMERY'S
MOTION FOR DISCLOSURE OF PSYCHOLOGICAL EVALUATION
AND PRESENTENCE INVESTIGATION REPORTS**

COMES NOW Defendant Joshua Demery, by his attorney, Assistant Federal Public Defender Daniel G. Cronin, and in support of his Motion for Disclosure of Psychological Evaluation and Presentence Investigation Reports (Doc. 19), respectfully submits the following memorandum:

### I. Introduction

While Rule 32 of the Federal Rules of Criminal Procedure specifically addresses disclosure of Presentence Investigation Reports, caselaw on that disclosure, as well as disclosure of psychological evaluations, appear to be sparse. As detailed below, the very limited binding and persuasive authority on point mitigate in favor of the requested disclosure.

### II. Discussion

#### A. Psychological Evaluation for Competency

In light of the subsequent finding that Joshua Demery was competent to proceed with his case in the Central District of Illinois, it is likely that the psychological evaluation had concluded the

same. Even so, Defendant Demery's Sixth Amendment right to effective assistance of counsel is implicated by the current unavailability of that report - as the Fifth Circuit noted in the context of an evaluation for sanity at the time of the alleged offense:

> The state court may have relied on the case of McIntyre v. State, 172 Tex.Ct.R. 510, 360 S.W.2d 875, cited on the Texas appeal of this case, Hintz v. State, supra, which holds that no error results from the denial of a motion to continue on the grounds that the report of a psychiatrist was not received prior to trial when the report shows that the accused is sane. With deference, our own view is that such a report may not obviate defendant's Federal constitutional right to have a lawyer who has an opportunity to prepare his defense and that this right would include time for studying and evaluating the report. Defense counsel did not have this here.

Hintz v. Beto, 379 F.2d 937, 942 (5th Cir. 1967).

More recently, the Ninth Circuit affirmed an order for the disclosure of previous mental health reports (as well as the PSR) for rehabilitative purposes while on supervised release. United States v. Daniels, 541 F.3d 915, 929 (9th Cir. 2008) (collecting cases).

### B. Presentence Investigation Reports

Decades ago, the Seventh Circuit recounted the competing arguments about the proper scope of disclosures of Presentence Investigation Reports. For example:

> Despite the amendments to Rule 32 mandating disclosure to the defendant in all cases, the Probation Division of the Administrative Office of the United States Courts continues to take the position that the presentence report is a confidential document, which should be disclosed only to correctional authorities.

United States v. Corbitt, 879 F.2d 223, 236 (7th Cir. 1989) (citation omitted). However, the Seventh Circuit emphasized that defendants do have a right to their own PSRs:

> The successive amendments of Rule 32, culminating in an extremely broad right of access for defendants, are based on compelling considerations

2

of fairness to the person most directly affected by the contents of the presentence report - the defendant.

United States v. Corbitt, 879 F.2d at 237.

### III. Conclusion

Defendant Demery is indeed "the person most directly affected by the contents of the presentence report" docketed in the Central District of Illinois - just as he is directly affected by the competency evaluation filed in that district under seal. An order from this Court directing disclosure of those documents by prior defense counsel will be the most expeditious route to proper use of those documents by counsel for the government, current defense counsel, any psychologist who evaluates Defendant Demery in the near future, and Defendant Demery himself.

Respectfully submitted,

 /s/ Daniel G. Cronin
DANIEL G. CRONIN
Assistant Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

ATTORNEY FOR DEFENDANT
JOSHUA DEMERY

**CERTIFICATE OF SERVICE**

On March 1, 2016, the undersigned attorney provided a copy of this document to:

Angela Scott
Assistant United States Attorney
9 Executive Drive, Suite 300
Fairview Heights, Illinois 62208

via electronic filing with the Clerk of the Court using the CM/ECF system, and to:

Robert A. Alvarado
Assistant Federal Public Defender
401 Main St., Suite 1500
Peoria, Illinois 61602

via e-mail.

*/s/* Daniel G. Cronin
DANIEL G. CRONIN